IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-53-FL

| | | |
|---|---|---|
| PENN NATIONAL SECURITY INSURANCE and PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| | ) | ORDER |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| EAST CAROLINA MASONRY, INC., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon plaintiffs' motion for default judgment (DE 15). Defendant has not responded and the time for response has passed. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**BACKGROUND**

Plaintiffs commenced this action on April 9, 2019, for declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties with respect to coverage under policies of insurance issued by plaintiffs to defendant, designated CX9 0642354 and UL90642354 (hereinafter, the "Policies"), with respect to claims against defendant in an action captioned New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC, et al., and Weaver Cooke Construction, LLC, et al. v. Skysail Owners Association, Inc., et al., Adversary Proceeding No. 10-00023-8-JRL (Bankr. E.D.N.C.) (hereinafter the "Adversary Proceeding").

1

On August 26, 2019, the clerk entered default upon defendant's failure to answer. Plaintiffs filed the instant motion on September 10, 2019, relying upon a memorandum in support.

**COURT'S DISCUSSION**

A.      Standard of Review

"A defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). "The defendant is not held to admit conclusions of law," and "a default judgment may be lawfully entered only according to what is proper to be decreed upon the statements of the [complaint], assumed to be true, and not as of course according to the prayer of the [complaint]." Id. (quotations omitted).

B.      Analysis

Upon the default of defendant, the well-pleaded allegations of fact in the complaint establish the following:

1)      In the Adversary Proceeding, Weaver Cooke Construction, LLC, asserts claims for negligence, contractual indemnity, and breach of contract against defendant.

2)      The Policies provide insurance coverage to defendant to indemnify and defend only in accordance with the terms, conditions, and exclusions therein. (See Policy No. CX9 0642354 (DE 1-4 at 4); Policy No. UL90642354 (DE 1-5 at 7)).

3)      The Policies contain terms, conditions, and exclusions which preclude coverage for the claims and damages sought against defendant in the Adversary Proceeding.

Based upon these established facts, plaintiffs have no obligation under the Policies to defend or indemnify defendant for any costs it, or anyone on its behalf, incurs in defending the Adversary Proceeding, and plaintiffs have no obligation under the Policies to indemnify defendant for any damages arising out of the allegations contained in the Adversary Proceeding.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for default judgment (DE 15) is GRANTED. Pursuant to 28 U.S.C. § 2201 and Rules 55 and 57 of the Federal Rule of Civil Procedure, the court hereby DECLARES, ADJUDGES, AND DECREES that plaintiffs have no obligation under the Policies to defend or indemnify defendant for any costs it, or anyone on its behalf, incurs in defending the Adversary Proceeding, and plaintiffs have no obligation under the Policies to indemnify defendant for any damages arising out of the allegations contained in the Adversary Proceeding, as herein defined.

SO ORDERED, this the 7th day of October, 2019.

LOUISE W. FLANAGAN
United States District Judge